UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**COREY DAVID PARKER**  PLAINTIFF

v.  CIVIL ACTION NO. 5:20-CV-P18-TBR

**M. NICHOLS, BADGE #625** *et al.*  DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on initial review of Plaintiff Corey David Parker's *pro se* complaint (DN 1) and amended complaint (DN 5) pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will allow some claims to proceed, dismiss other claims, and allow Plaintiff to amend the complaint.

### I. SUMMARY OF CLAIMS

Plaintiff is a convicted inmate incarcerated at the Christian County Jail (CCJ). Seeking damages, he brings this action under 42 U.S.C. § 1983 alleging various constitutional violations by Defendant Christian County Sheriff's Deputy M. Nichols, Badge #625, and Defendant "The Christian County Sheriffs Office." He sues Defendants in their individual and official capacities.

As his statement of claims, Plaintiff alleges that on November 8, 2019, Defendant "Officer M. Nichols and several other Sheriffs deputies converged on a vehicle [Plaintiff] was a passenger in with guns drawn." He alleges that he "complied fully" with what they asked him to do other than be quiet because he was trying to find out why he was being detained. He claims that during the incident he was "forcefully thrown to the ground on [his] face" and "slung around by [his] cuffs on the ground" and that they grabbed his bookbag and went through it without permission. Plaintiff reports that at the jail the arresting officer told him he would have to "file with The courts" to get his bookbag and phone returned because they were in a stolen vehicle.

## II.  LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.  ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A.  Claims against Defendant "The Christian County Sheriffs Office" and official-capacity claims against Defendant Nichols**

Defendant "The Christian County Sheriffs Office" is not a "person" subject to suit under § 1983 because municipal departments are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983); *see also Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983).  In this situation, the proper Defendant is Christian County. *See Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990).  Further, "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Plaintiff's official-capacity claims against Defendant Nichols, therefore, are also against Christian County.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues:  (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so,

whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994).

Plaintiff fails to allege that any wrongdoing or injury occurred as a result of a policy or custom implemented or endorsed by Christian County. The complaint, therefore, fails to establish a basis of liability against Christian County and fails to state a cognizable § 1983 claim. Accordingly, the claims against Defendant "The Christian County Sheriffs Office" and the official-capacity claims against Defendant Nichols will be dismissed.

### B. Individual-capacity claims

Upon consideration, the Court will allow the complaint and amended complaint to continue against Defendant Nichols in his individual capacity.

Plaintiff mentions that "several other Sheriffs deputies" were involved in the November 2019 incident, but he does not specifically indicate who they are or name them as Defendants. The Court will allow Plaintiff to amend the complaint to name these sheriff's deputies as Defendants. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (allowing amendment). He should sue these Defendants in their individual capacities and provide facts detailing how each violated his rights.

## IV. ORDER

For the foregoing reasons, **IT IS ORDERED as follows**:

1) The claims against "The Christian County Sheriffs Office" and the official-capacity claims against Defendant Nichols are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

2) The complaint and amended complaint shall continue against Defendant Nichols in his individual capacity. In permitting the action to proceed against him, the Court passes no judgment on its merit or the ultimate outcome of the case.

3) Within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may amend the complaint** to name other sheriff's deputies as Defendants. He should sue these Defendants in their individual capacities and provide facts detailing how each violated his rights. Plaintiff may identify any unknown Defendants as Jane Doe or John Doe, but he must specifically allege facts describing what each unknown/Doe Defendant did or failed to do to violate his constitutional rights.

4) The **Clerk of Court is DIRECTED** to place the instant case number and word "Second Amended" on a § 1983 complaint form and send it to Plaintiff for his use should he wish to amend the complaint.

The Court will conduct an initial review of the second amended complaint pursuant to 28 U.S.C. § 1915A. Should Plaintiff file no amended complaint within 30 days, the Court will enter a Service and Scheduling Order to govern the development of the continuing claims.

Date: June 26, 2020

*[Signature: Thomas B. Russell]*

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    Christian County Attorney
4413.005